UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joshua Jordan, *individually* ) <br> and as assignee of Prehired, LLC, ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Jeffrey Bernstein, *individually*, ) <br> Strategic Education Loan Fund, LLC, ) <br> ISA Plus, LLC, ) <br> Defendants. ) | C/A**:** 4:24-5775-JD-TER <br><br> ORDER |

_____

This is an action filed by a *pro se* litigant. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Plaintiff paid the filing fee. (ECF No. 1).

**TO THE CLERK OF COURT**:

The Clerk of Court is directed to issue the summonses for Defendants and to forward copies of this Order, the summonses, and the Complaint to Plaintiff for service of process. **Because Plaintiff paid the full filing fee, Plaintiff is responsible for service of process under Rule 4. The court *sua sponte* cannot serve initial process on any fee-paying litigant's behalf, and the court's electronic case filing system does not effect initial service on any defendant**. *See* U.S. Dist. Ct., Dist. of S.C., Electric Case Filing Policies & Procedures § 11.1 (Dec. 1, 2016) ("Service of process must be made in accordance with Fed. R. Civ. P. 4, which does not allow for electronic service of process. See Fed. R. Civ. P. 4.").

The Clerk of Court shall calculate the 90-day period for service of process under Rule 4(m) from the date on which the summons(es) are issued. *Robinson v. Clipse*, 602 F.3d 605, 608–09 (4th Cir. 2010) (tolling during initial review).

The Clerk of Court shall not enter any change of address submitted by Plaintiff which directs that mail be sent to a person other than Plaintiff unless that person is an attorney admitted to practice before this court who has entered a formal appearance.

**TO DEFENDANTS**:

Upon service, Defendants are directed to file an answer to the Complaint or otherwise plead, in accordance with the Federal Rules of Civil Procedure.

**TO PLAINTIFF**:

Plaintiff shall serve the Complaint, summonses, and this Order on the Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. Because Plaintiff paid the full filing fee, Plaintiff is responsible for service of process under Rule 4. The court *sua sponte* cannot serve

initial process on any fee-paying litigant's behalf, and the court's electronic case filing system does not effect initial service on any defendant. *See* U.S. Dist. Ct., Dist. of S.C., Electric Case Filing Policies & Procedures § 11.1 (Dec. 1, 2016) ("Service of process must be made in accordance with Fed. R. Civ. P. 4, which does not allow for electronic service of process. See Fed. R. Civ. P. 4."). Rule 4(c)(1) provides "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Rule 4(c)(2) provides "Any person who is at least 18 years old and not a party may serve a summons and complaint."

As previously noted, **Plaintiff is responsible for service of process under Rule 4 of the Federal Rules of Civil Procedure.** Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The time for service in this case does not run during the initial review of this case; therefore, Plaintiff has 90 days from the date on which the summonses are issued to serve Defendants in compliance with Rule 4. Under Rule 4(m), unless a Defendant is served within 90 days after the summonses are issued as directed by this Order, that particular unserved Defendant may be dismissed without prejudice from this case.

Rule 4(c)(3) of the Federal Rules of Civile procedure provides: "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Such order of service is within the court's discretion when Plaintiff is not proceeding *in forma pauperis* and must be requested by Plaintiff. *See also Johnson v. Master foods USA*, 2011 WL 1750884, *2 (E.D.N.C. May 6, 2011). Plaintiff also has the option to forward the service documents and Complaint to the United States Marshals Service. **The United States Marshals Service (USMS) is authorized by law (28 U.S.C. 1921) to charge fees for the service of process. The amount of fees charged is established by regulation (28 C.F.R. 0.114). The USMS may request advance payment of the estimated fees and expenses for service of process.** *See* "INSTRUCTIONS FOR SERVICE OF PROCESS BY U.S. MARSHAL." Again, service is Plaintiff's responsibility.

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, any documents filed subsequent to the initial pleading must be served on parties. Unless otherwise ordered, service of subsequently filed documents on a defendant represented by an attorney is made on the attorney. Service on attorneys who have made an appearance in this court is effected by the court's Electronic Case Filing system through a computer generated notice of electronic filing. However, prior to Defendants' attorney making an appearance in this court, Plaintiff must serve Defendants with any documents Plaintiff files subsequent to the initial pleading and file a certificate of service that states who was served, what document was served, and how the document was served.

Plaintiff must place the civil action number listed above on any document provided to the

court pursuant to this Order. **Any future filings in this case must be sent to (Post Office Box 2317, Florence, South Carolina 29503)**.

Plaintiff is a pro se litigant.  Plaintiff's attention is directed to the following important notice:

You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 2317, Florence, South Carolina 29503**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you.  If as a result of your failure to comply with this Order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this Order**.  Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court.  Your failure to do so will not be excused by the court.

**IT IS SO ORDERED**.

October 17, 2024
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

3