UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joshua Jordan, *individually* ) | C/A**:** 4:24-5775-JD-TER |
| and as assignee of Prehired, LLC, ) | |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| Jeffrey Bernstein, *individually*, ) | |
| Strategic Education Loan Fund, LLC, ) | |
| ISA Plus, LLC, ) | |
| Defendants. ) | |

_____

Plaintiff here is requesting permission for alternative service through one or more of the following methods: 1) email Defendants' attorney from a "related California federal court case;" 2) send certified mail to the same attorney; 3) send certified mail to the registered agent address for all Defendants, which is a residence; 4) service by publication in a general circulation newspaper in San Diego County. (ECF No. 10 at 3-4).

Plaintiff notes the registered agent address in California for the corporation Defendants is the same residential address as individual Defendant Bernstein. (ECF No. 10 at 1). Plaintiff hired a process server, who made six separate attempts at the California residential address of all Defendants, at varying times and days of the week, to no avail. (ECF No. 10 at 1-2).

As to Defendant individual Bernstein, the Fed. R. Civ. P. 4(e)(1) provides service by following state law in the state where the district court is located or where service is made. This would be South Carolina state law or California[1] state law. The main object of service of process is to give notice to the defendant of the proceedings against it. *Burris Chem., Inc. v. Daniel Constr. Co.,* 251 S.C. 483, 487, 163 S.E.2d 618, 620 (1968). The South Carolina Supreme Court does not require "exact compliance" with the rules effecting service of process, but rather inquires whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction over the defendant and the defendant has notice of the proceedings. *Roche v. Young Bros., Inc. of Florence,* 318 S.C. 207, 209-210, 456 S.E.2d 897, 899 (1995).

The federal rule also provides three alternatives to the state law methods: delivering to the individual personally (which Plaintiff has attempted), leaving a copy at the dwelling without someone

_____

[1] California state law provides for personal service, § 415.10, leaving a copy with a person at least 18 years of age and mailing a copy, § 415.20, served by mail (first-class postage prepaid) with two copies and a notice and acknowledgment as provided for in the rules and a return envelope postage prepaid addressed to the sender, § 415.30, or publication but only if upon affidavit it appears to the satisfaction of the court that the party to be served cannot with reasonable diligence be served in another manner specified in the rules, § 415.50.

other than the individual Defendant of suitable age and discretion(which Plaintiff appears to have attempted), OR delivery "to an agent authorized by appointment[2] or by law to receive service of process". Fed. R. Civ. P. 4(e)(2). South Carolina Rules of Civil Procedure ("SCRCP")  4(d)(1) is similar to Fed. R. Civ. P. 4(e)(2).

As to the two corporate defendants, Fed. R. Civ. P. R. 4(h) offers several methods to serve a corporation. First, service would be in the same matter as serving an individual in (e)(1), which is in accordance with state law. Second, service would be "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." The third method under Fed. R. Civ. P. 4(h)(2) is inapplicable because it appears Defendants are not foreign and are at a place within any judicial district of the United States.

South Carolina law, SCRCP 4(d)(3) is similar to Fed. R. Civ. P. 4(h) and provides corporations are served by delivery to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."

State law SCRCP 4(d)(8) provides that individuals or corporations may be served "by registered or certified mail, return receipt requested, and delivery restricted to the addressee." "If delivery of the process is refused or is returned undelivered, service shall be made as otherwise provided by these rules." *Id.* Pursuant to SCRCP 4(d)(9) service can also be made on an individual or a corporation by a commercial delivery service. SCRCP provides under Rule 4(e) that service shall be made under the circumstances and in the manner prescribed by an order when the person is not found within the state of South Carolina.

Some of the methods suggested by Plaintiff as requested relief are provided as methods under the rules. The Motion is denied without prejudice for leave to refile. Plaintiff has not exhausted avenues and mechanisms through which service may be accomplished as provided by the rules.

**IT IS SO ORDERED**.

November 14, 2024
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

---

[2] There is no evidence presented that an attorney from another case is pre-authorized by Defendants to receive service of process in this case.