UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joshua Jordan, *individually*  ) | C/A**:** 4:24-5775-JD-TER |
| and as assignee of Prehired, LLC, ) | |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| Jeffrey Bernstein, *individually*, ) | |
| Strategic Education Loan Fund, LLC, ) | |
| ISA Plus, LLC, ) | |
| Defendants. ) | |

This is Plaintiff's second request for permission for alternative service. Plaintiff's first request was previously denied in November without prejudice to refile because some of the methods suggested by Plaintiff as requested relief were methods under the rules and Plaintiff had not exhausted avenues and mechanisms through which service may be accomplished as provided by the rules. (ECF No. 11).

Plaintiff submits that immediately after the court's last order, Plaintiff sent service documents via USPS certified mail with return receipt requested to Defendants' registered address, which USPS made attempts three different dates in November with status: "notice left- no authorized recipient available," "redelivery scheduled" and "notice left- no authorized recipient available." (ECF No. 13-1 at 2-7). Plaintiff asserts "Defendants are deliberately evading service while maintaining 6610 Lavandula Court as their official registered address for service of process with the California Secretary of State, and the personal home address for Defendant Bernstein." (ECF No. 13 at 2).

Plaintiff here is requesting permission for alternative service through one or more of the following methods: 1) email Defendants' attorney from a "related California federal court case;" 2) send certified mail to the same attorney; 3) service by publication in a general circulation newspaper in San Diego County. (ECF No. 13 at 2-3).

Previously. Plaintiff hired a process server, who made six separate attempts at the California residential address of all Defendants, at varying times and days of the week, to no avail. (ECF No. 10 at 1-2).

As to Defendant individual Bernstein, the Fed. R. Civ. P. 4(e)(1) provides service by following state law in the state where the district court is located or where service is made. This would be South Carolina state law or California[1] state law. The main object of service of process is

---

[1] California state law provides for personal service, § 415.10, leaving a copy with a person at least 18 years of age and mailing a copy, § 415.20, served by mail(first-class postage prepaid) with two copies and a notice and acknowledgment as provided for in the rules and a return envelope

to give notice to the defendant of the proceedings against it. *Burris Chem., Inc. v. Daniel Constr. Co.,* 251 S.C. 483, 487, 163 S.E.2d 618, 620 (1968). The South Carolina Supreme Court does not require "exact compliance" with the rules effecting service of process, but rather inquires whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction over the defendant and the defendant has notice of the proceedings. *Roche v. Young Bros., Inc. of Florence,* 318 S.C. 207, 209-210, 456 S.E.2d 897, 899 (1995).

The federal rule also provides three alternatives to the state law methods: delivering to the individual personally(which Plaintiff has attempted), leaving a copy at the dwelling without someone other than the individual Defendant of suitable age and discretion(which Plaintiff appears to have attempted), OR delivery "to an agent authorized by appointment[2] or by law to receive service of process". Fed. R. Civ. P. 4(e)(2). South Carolina Rules of Civil Procedure ("SCRCP") 4(d)(1) is similar to Fed. R. Civ. P. 4(e)(2).

As to the two corporate defendants, Fed. R. Civ. P. R. 4(h) offers several methods to serve a corporation. First, service would be in the same matter as serving an individual in (e)(1), which is in accordance with state law. Second, service would be "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." The third method under Fed. R. Civ. P. 4(h)(2) is inapplicable because it appears Defendants are not foreign and are at a place within any judicial district of the United States.

South Carolina law, SCRCP 4(d)(3) is similar to Fed. R. Civ. P. 4(h) and provides corporations are served by delivery to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."

State law SCRCP 4(d)(8) provides that individuals or corporations may be served "by registered or certified mail, return receipt requested, and delivery restricted to the addressee." "If delivery of the process is refused or is returned undelivered, service shall be made as otherwise provided by these rules." *Id.* Pursuant to SCRCP 4(d)(9) service can also be made on an individual or a corporation by a commercial delivery service. SCRCP provides under Rule 4(e) that service shall be made under the circumstances and in the manner prescribed by an order when the person is not found within the state of South Carolina.

---

postage prepaid addressed to the sender, § 415.30, or publication but only if upon affidavit it appears to the satisfaction of the court that the party to be served cannot with reasonable diligence be served in another manner specified in the rules, § 415.50.

[2] There is no evidence presented that an attorney from another case is pre-authorized by Defendants to receive service of process in this case.

2

      This motion is granted in part and denied in part; this motion is granted to extent Plaintiff seeks to serve the parties by publication under the rules. While it does not appear that proper service would be effective by serving the attorney presumed to be representing Defendants, Plaintiff may send a copy of the summonses and Complaint to the attorney presumed to be representing Defendants by email and by registered or certified mail, return receipt requested and delivery restricted to the addressee.[3]

      **IT IS SO ORDERED**.

January 10, 2025  
Florence, South Carolina

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

---

[3] As in Plaintiff's prior order(ECF No. 7), Plaintiff is reminded Rule 4(c)(3) of the Federal Rules of Civil procedure provides: "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Such order of service is within the court's discretion when Plaintiff is not proceeding *in forma pauperis* and must be requested by Plaintiff. *See also Johnson v. Master foods USA*, 2011 WL 1750884, *2 (E.D.N.C. May 6, 2011). Plaintiff also has the option to forward the service documents and Complaint to the United States Marshals Service. **The United States Marshals Service (USMS) is authorized by law (28 U.S.C. 1921) to charge fees for the service of process. The amount of fees charged is established by regulation (28 C.F.R. 0.114). The USMS may request advance payment of the estimated fees and expenses for service of process.** *See* "INSTRUCTIONS FOR SERVICE OF PROCESS BY U.S. MARSHAL." Again, service is Plaintiff's responsibility.